THE PEOPLE *v.* CRESPO ET AL.

APPEAL from the District Court of Arecibo.

No. 2.—Decided June 5, 1903.

LARCENY.—CRIMINAL AND CIVIL RESPONSIBILITY.—PAYMENT FOR PROPERTY STOLEN.—Full payment by a defendant for a stolen article after arrest and prosecution is no ground for acquittal, but is a bar to a civil action.

The facts are set forth in the opinion.

*Mr. Ramos (Juan R.)*, for appellant.

*Mr. del Toro*, Fiscal, for respondent.

MR. JUSTICE MACLEARY rendered the following opinion of the court.

The apellant, together with Luis Tollos Colón and Robustiano Torres Tollos, was accused of the theft of a heifer belonging to Ramón Berríos. The heifer was found in the possession of appellant, who thereupon offered to pay Berríos the value thereof, promising to give him a larger one or twenty-five ($25.00) dollars in cash, which Berríos refused to accept. At the beginning of the trial, counsel for one of the defendants, on his own behalf and on behalf of his companion, proposed to prove to the court that the prejudiced party had been remunerated, and that he had suffered no loss, he having received compensation for the damage, wherefore he prayed the court that the proceedings be discontinued and the defendants exonerated from all responsibility. The court refused to make such an order and proceeded with the trial. The defendants Eusebio Crespo García and Robustiano Torres Tollos were adjudged guilty of grand larceny, each being sentenced to imprisonment in the penitentiary at hard labor, for the term of one year and a half, and the payment of one-third of the costs, or in default of said payment, to suffer an additional day of imprisonment in the penitentiary for every dollar they should fail to pay; Luis Tollos Colón being discharged. The costs amounted to twenty-nine dollars and sixty-five cents.

The defendants duly presented a bill of exceptions, covering

the points hereinbefore mentioned, and an appeal was taken to this court which was duly allowed. From the bill of exceptions it appears that at the trial the owner, Ramón Berríos, testified that he had suffered no damage, having been indemnified for all costs and expenses, while counsel for appellant prayed the court to discharge the defendant and exonerate him from all responsibility, which prayer was denied. The defendants were committed to the penitentiary, and afterwards admitted to bail by order of the court, upon perfecting the appeal. Juan R. Ramos Esq., appears for appellant,' but his appeal is principally directed to the matter of bail and there is nothing in the record indicating that any mention was made by him of the question presented in the bill of exceptions, nor any reason given for a reversal of the judgment of the trial court. In fact, he refers to paragraph 2 of section 374 of the Code of Criminal Procedure, which has reference only to the admission of defendants to bail, and specifies the cases in which the latter are to be so admitted.

The Fiscal, in his opinion filed with this court, declares that the facts constitute the crime of grand larceny, inasmuch as they involve the act of maliciously and fraudulently appropriating a heifer, and there are sufficient grounds to believe the persons convicted to be guilty of the crime, and that they should suffer the penalty, even if they have paid the amount of damage caused, inasmuch as the payment of an indemnity does not extinguish the penal responsibility, but only the civil liability. The Fiscal, moreover, is of the opinion that the law cited by counsel for the appellant is not applicable to the present case. The Fiscal recommends that the appeal be dismissed and that the judgment of the lower court be affirmed, with costs against appellant.

It is evident that the case is too clear to require much investigation or study, and the Fiscal is quite right in his contentions. Certainly payment made for a stolen article,

after the arrest and prosecution of the defendant, is no reason for his acquittal, although it does extinguish the civil liability. After a careful examination of the whole matter, there does not seem to be any reason for reversing, altering or modifying the judgment of the district court, and therefore said judgment will be

*Affirmed.*

Messrs. Chief Justice Quiñones and Associate Justices Hernández, Figueras and Sulzbacher, concurring.